UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | | |
|---|---|---|---|
| JONATHAN WINKLER, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | Nos.: | 3:13-CR-48-TAV-CCS-1 |
| | ) | | 3:16-CV-187-TAV |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

**MEMORANDUM OPINION**

Before the Court is Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 29]. He bases the request on *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), was unconstitutionally vague [*Id.*]. Respondent agrees Petitioner is entitled a reduction in sentence [Doc. 31], and the parties jointly urge imposition of a corrected 57-month term of imprisonment followed by three years' supervised release [Doc. 32]. For the reasons stated below, Petitioner's § 2255 motion [Doc. 29] will be **GRANTED** so far as it seeks relief in light of the *Johnson* decision and a corrected sentence of 57 months' imprisonment and five years' supervised release will be imposed.

I. BACKGROUND

In 2013, Petitioner pled guilty to possessing a firearm and ammunition as a felon, in violation of 18 U.S.C. § 922(g)(1) [Doc. 13]. Based on two prior Tennessee convictions for evading arrest [Presentence Investigation Report (PSR) ¶¶ 35, 37], and one prior Tennessee conviction for possessing methamphetamine [*Id.* ¶ 38], the United States Probation Office deemed Petitioner to be an armed career criminal subject to the ACCA's enhanced fifteen-year

mandatory minimum sentence [*Id.* ¶ 20]; this court agreed and sentenced Petitioner to 180 months' incarceration followed by five years' supervised release on April 29, 2014 [Doc. 27].

## II.     TIMELINESS OF PETITION

Section 2255(f) places a one-year statute of limitations on all petitions for collateral relief under § 2255 running from either: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).  The petition's reliance on *Johnson* triggers the renewed one-year limitations period under subsection (f)(3).  *See Welch v. United States*, 135 S. Ct. 1257, 1265 (2016) ("*Johnson* is . . . a substantive decision and so has retroactive effect . . . in cases on collateral review."); *In re Windy Watkins*, 810 F.3d 375, 380–81 (6th Cir. 2015) (finding *Johnson* constitutes a new substantive rule of constitutional law made retroactively applicable on collateral review and thus triggers § 2255(h)(2)'s requirement for certification of a second or successive petition).  The renewed period began to run on June 26, 2015 and, as a result, the petition falls safely within the window for requesting relief [Doc. 29].

### A.     STANDARD OF REVIEW AND ANALYSIS

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*,

471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

## III. ANALYSIS

A felon who possesses a firearm normally faces a maximum penalty of ten years' imprisonment, 18 U.S.C. § 924(a)(2), and three years' supervised release, 18 U.S.C. § 3583(b)(2). However, if the felon possesses the firearm after having sustained three prior convictions "for a violent felony or serious drug offense, or both," the ACCA requires a fifteen year minimum sentence, 18 U.S.C. § 924(e)(1), and increases the maximum supervised release term to five years, 18 U.S.C. § 3583(b)(1). The ACCA defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B).

In *Johnson*, the Supreme Court held "that imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." 135 S. Ct. at 2563. *Johnson* did not automatically invalidate all ACCA sentences, however, emphasizing that its holding "d[id] not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Id.*; *see also United States v. Kemmerling*, 612 F. App'x 373, 375 (6th Cir. 2015) (explicitly finding that *Johnson* did not

3

affect the ACCAs use-of-physical-force clause). Thus, under *Johnson*, an ACCA sentence only raises due process concerns—and is thus invalid—if it was necessarily based on predicate violent felonies that only qualified as such under the ACCA's residual clause. *Compare United States v. Ozier*, 796 F.3d 597, 603 (6th Cir. 2015) (finding district court did not err by categorizing defendant as an armed career criminal where all three predicate offenses qualified under the enumerated-offense and use-of-physical-force clauses of the ACCA), *with United States v. Bell*, 612 F. App'x 378, 379–380 (6th Cir. 2015) (finding *Johnson* precluded defendant from being sentenced as an armed career criminal because one of her three predicate offenses, aggravated assault, failed to qualify under the enumerated-offense and use-of-physical force clauses).

Two of Petitioner's three predicate offenses were Tennessee convictions for evading arrest [PSR ¶¶ 35, 36]. *See generally* Tenn. Code Ann. § 39-16-603 (outlining elements of evading arrest). The convictions do not qualify as violent felonies under the ACCA's use-of-force clause because the offense does not involve the use, attempted use, or threatened use of violent force against another. *See United States v. Barnett*, 540 F. App'x 532, 536–37 (6th Cir. 2013) (citing *Descamps* and explaining a statute only meets the first subcategory of violent felony under the ACCA where violations categorically require the use or attempted use of violent physical force). Nor do the convictions fall within one of the enumerated categories of violent felony. *See generally* 18 U.S.C. § 924(e)(2)(B)(ii). As such, the offenses could only have qualified as violent felonies under the ACCA's now-defunct residual clause. S*ee, e.g., United States v. Doyle*, 678 F.3d 429, 435–36 (6th Cir. 2012) (finding Class E felony evading arrest under Tennessee law, Tenn. Code Ann. § 39-16-603(b)(1), was a violent felony under the ACCA's residual clause). The *Johnson* decision thus dictates that the convictions can no longer be used to designate Petitioner an armed career criminal under § 924(e), leaving him with only

4

one predicate offense—possession of methamphetamine. As a result, Petitioner's 180 month term of imprisonment and five years' supervised release for the gun offense [Doc. 27] exceed his maximum authorized sentence as a non-ACCA offender by 60 months' incarceration and two years' supervised release. *See* 18 U.S.C. § 924(a)(2) ("Whoever knowingly violates subsection . . . (g) . . . of section 922 shall be . . . imprisoned not more than [ten] years."). The Court finds that Petitioner has demonstrated a clear entitlement to relief.

Where a § 2255 claim has merit, district courts have the discretion to choose between discharging the petitioner, resentencing the petitioner, correcting the petitioner's sentence, or granting the petitioner a new trial. 28 U.S.C. § 2255(b). Had Petitioner never been classified as an armed career criminal, his unenhanced total offense level of 17 and criminal history category of VI would have yielded an applicable guidelines range of 51 to 63 months' imprisonment [PSR ¶¶ 21, 22, 41].[1] As a result, the Court finds correction of sentence is the most appropriate form of relief. *United States v. Torres-Otero*, 232 F.3d 24, 30 (1st Cir. 2000) ("[I]n cases were the sentence (but not the conviction) is infirm, only the 'resentenc[ing]' or 'correct[ing] the sentence' options are open to the district court, since a prisoner should never be 'discharge[d]' or 'grant[ed] a new trial' based solely on a defective sentence."). The parties have agreed to a corrected sentence of 57 months' imprisonment and three years' supervised release [Doc. 32]. After review of the facts of Petitioner's case, reflection on the factors set forth in 18 U.S.C. § 3553(a), and consideration of the Chapter Seven policy statements, this Court agrees that a sentence of 57 months' incarceration and three years' supervised release is appropriate.

---

[1] Because Petitioner's prior conviction for possession of methamphetamine remains a predicate controlled substance offense, Petitioner would have received a base offense level of twenty under Section 2K2.1(a)(4) of the United States Sentencing Guidelines, yielding a total offense level of seventeen after a three level reduction for acceptance of responsibility.

5

## IV. CONCLUSION

For the reasons discussed above, Petitioner's § 2255 motion [Doc. 29] will be **GRANTED** so far as it seeks *Johnson*-based relief. The judgment dated April 29, 2014 [Doc. 27] will be corrected to reflect a sentence of 57 months' incarceration followed by three years' supervised release. All other aspects of Petitioner's judgment will remain unaffected. The Clerk's Office will be **DIRECTED** to prepare an amended judgment in accordance herewith.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE